AE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GENERAL PLASTICS, INC., | ) |
| | ) |
| Appellant, | ) No.  05 C 3656 |
| | ) |
| v. | ) Judge Robert W. Gettleman |
| | ) |
| FRANCES GECKER, not individually, but | ) |
| as Chapter 7 Trustee of COACH AND CAR | ) Appeal from |
| EQUIPMENT CORPORATION, | ) No. 02 B 16478 |
| | ) Adv. Proc. No. 03 A 00124 |
| | ) Judge Susan Pierson Sonderby |
| Appellee. | ) |

## MEMORANDUM OPINION AND ORDER

The instant adversary proceeding was brought by Frances F. Gecker, the bankruptcy trustee ("Trustee"), to avoid and recover alleged potential transfers made by Coach & Car Equipment Corporation to appellant, General Plastics, Inc. ("General Plastics") under 11 U.S.C. §§ 547 and 550. On May 10, 2005, Judge Sonderby of the Bankruptcy Court for the Northern District of Illinois entered summary judgment in favor of the Trustee, and ordered General Plastics to pay $12,000 plus interest for the payments made during the preference period. General Plastics filed a timely notice of appeal on May 20, 2005, arguing that the bankruptcy court erred in finding that no triable issues of material fact existed regarding whether the debtor paid General Plastics according to ordinary business terms under § 547(c)(2) of the Bankruptcy Code. This court has appellate jurisdiction under 28 U.S.C. § 158.

## FACTS

On April 25, 2002, the Coach & Car Equipment Corporation ("Debtor") filed a voluntary petition under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the

Northern District of Illinois. Frances Gecker was appointed as the Chapter 7 trustee.

In the ninety day period prior to the petition date, the debtor made three payments totaling $12,000 to General Plastics. The three checks were in partial payment of past due invoices for products purchased from General Plastics by Debtor and were for a debt incurred by the debtor in the ordinary course of Debtor and General Plastics' business.

On August 30, 2002, the Trustee made a demand on General Plastics for the return of the transfers. Upon General Plastics' refusal to return the payments, Trustee filed the instant adversary proceeding.

## SUMMARY JUDGMENT STANDARD

On appeal, the bankruptcy court's rulings and conclusions of law are reviewed de novo and its findings of fact shall not be set aside unless they are clearly erroneous. Hoseman v. Weinschneider, 322 F.3d 469, 473 (7th Cir. 2003); Meyer v. Rigdon,

A movant is entitled to summary judgment under Rule 56 when the moving papers and affidavits show there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Unterreiner v. Volkswagen of America, Inc., 8 F.3d 1206, 1209 (7th Cir. 1993). Once a moving party has met its burden, the nonmoving party must go beyond the pleadings and set forth specific facts showing there is a genuine issue for trial. See Fed. R. Civ. P. 56(e); Becker v. Tenenbaum-Hill Associates, Inc., 914 F.2d 107, 110 (7th Cir. 1990). The court considers the record as a whole and draws all reasonable inferences in the light most favorable to the party opposing the motion. See Fisher v. Transco Services-Milwaukee, Inc., 979 F.2d 1239, 1242 (7th Cir. 1992).

## DISCUSSION

General Plastics appeals the bankruptcy court's denial of its ordinary course of business defense. The bankruptcy court found that General Plastics failed to create any triable issues of material fact regarding the ordinary business terms element because it relied solely on the affidavit of its president, Robert Porsche ("Porsche"). For the reasons discussed below, the court agrees and therefore affirms the bankruptcy court's grant of summary judgment.

Under 11 U.S.C § 547(c)(2), a bankruptcy trustee may not avoid a transfer made in the ordinary course of business. To claim the ordinary course of business exception to preference avoidance under § 547(c)(2), a defendant must prove by a preponderance of the evidence that the challenged transfers were: (1) in payment of a debt incurred in the ordinary course of business; (2) made in the ordinary course of business of both the debtor and the creditor; and (3) made according to ordinary business terms. In re Midway Airlines, Inc., 69 F.3d 792, 797 (7th Cir. 1995). The Seventh Circuit has held that for purposes of the third element "ordinary business terms" refers to the range of terms that encompasses the practices of firms that are similar in some general way to the creditor. In re Tolona Pizza Prods, Corp., 3 F.3d 1029, 1033 (7th Cir. 1993).

The "ordinary business terms" test is an objective test that focuses on the practices of a creditor's competitors, and a creditor's evidence of ordinary business terms may not be vague and must be based on personal first-hand knowledge gained from exposure to the competitors' collections practices during or near the preference period. In re Midway Airlines, 69 F.3d 792, 797-98, 799 n.9 (7th Cir. 1995). In Midway Airlines the Seventh Circuit found insufficient evidence of "ordinary business terms" when the preference defendant's sole witness on the issue

did not have personal firsthand knowledge of competitors' practices and failed to introduce other evidence of such practices. Id. at 799. Numerous courts in this district have followed Midway, holding that a meaningful inquiry into ordinary business terms requires a comparison of firms similarly situated to the creditor who are facing the same or similar problems. In re DeMert & Dougherty, Inc., 232 B.R. 103, 110 (N.D.Ill. 1999). Thus, a defendant must present evidence of the ordinary business terms of the relevant industry in order to establish a preference defense under § 547(c)(2)(C).

Defendants typically satisfy the ordinary business terms element by presenting evidence of competitors' accounts receivables and collection practices, and also of the actual payment practices of its competitors' customers. In re Schwinn Bicycle Co., 205 B.R. 557, 573 (N.D.Ill 1997). For example, the DeMert court held that a preference defendant failed to meet its burden on the issue of ordinary business terms at trial because the defendant's witness had no personal firsthand knowledge of the debtor's competitors' credit terms or payment histories, and had not reviewed any material which addressed the ordinary or customary credit terms or payment histories of the relevant industry or any documents that discussed in detail the credit terms of the debtors' competitors. 232 B.R. at 111.

In the instant case, General Plastics has failed to present any evidence of Debtor's competitors' accounts receivables and collection practices, or of the actual payment practices of its competitors' customers. Instead, General Plastics relies solely on Porsche's affidavit testimony that the challenged payments "were consistent with the practice in the thermal forming industry." He also stated, "Based upon my substantial experience in the industry, I am of the opinion that industry practice includes the acceptance of partial payments and payments outside

of the payment terms set forth on invoices." General Plastics does not offer any factual support for either Porsche's conclusory statement that the payments were made consistent with the industry practices, or for his opinion to that effect. Porsche does not assert that he is familiar with the credit terms or payment histories of members of the relevant industry, see DeMert, 232 B.R. at 111, or that he has knowledge of competitors' collection practices "during or near the preference period." See Midway, 69 F.3d at 797-98.

Fed. R. Civ. P. 56(e) requires a party opposing summary judgment to submit, through affidavits or otherwise, "specific facts showing that there is a genuine issue for trial." It is well-established that conclusory allegations in affidavits are not sufficient to defeat a proper motion for summary judgment. See Lujuan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990) ("The object of [Rule 56(e)] is not to replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit."); First Commodity Traders, Inc. v. Heinold Commodities, Inc., 766 F.2d 1007, 1011 (7th Cir. 1985) ("Conclusory statements in affidavits opposing a motion for summary judgment are not sufficient to raise a genuine issue of material fact; see also Jones v. Merchants Nat'l Bank & Trust Co., 42 F.3d 1054, 1057 (7th Cir. 1994) ("Self-serving assertions without factual support in the record will not defeat a motion for summary judgment.") (internal quotation marks omitted).

Moreover, courts have explicitly held in preferred payment cases that general testimony by an employee of the defendant, unsupported by any specific data, is insufficient to prove ordinary business terms. See, e.g., Schwinn, 205 B.R. at 573. The Schwinn court held that the defendant failed to establish its ordinary business terms defense because the defendant's only evidence was an executive's testimony, which was limited to the contractual payment terms of

the defendant and one of its competitors. Id. at 574. In the instant case, Porsche does not offer any testimony regarding its contractual payment terms or those of a single competitor, and thus presents even lese evidence than was found insufficient in Schwinn.

General Plastics attempts to escape the application of Schwinn and DeMert to the instant case by arguing that they do not apply because they addressed the standards of proof at trial. General Plastics presents no authority in support of this argument, which misapprehends the relationship between summary judgment and trial. While not identical, what a party must establish at trial is closely related to what a party must establish to create a triable issue of fact to preclude summary judgment. The Supreme Court has held that the "genuine issue" summary judgment standard is "very close" to the "reasonable jury" directed verdict standard, and that the inquiry under each is the same: whether there is evidence upon which a jury can properly proceed to find a verdict for the party producing it, upon whom the onus of proof is imposed. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986). It is well established that the party resisting a summary judgment motion bears the burden of proof at trial on a particular issue and must "make a showing sufficient to establish the existence of [the] element[s] essential to that party's case." The Chicago Florsheim Shoe Store Co. v. Cluett, Peabody & Co., Inc., 826 F.2d 725, 728 (7th Cir. 1987) (quoting Celotex, 477 U.S. at 323); see also Salvadori v. Franklin School District, 293 F.3d 989, 996 (7th Cir. 2002) (movant "must present definite, competent evidence in rebuttal."). DeMert and Schwinn are therefore applicable here, and support the court's holding that General Plastics failed to create a triable issue of fact.

In an attempt to escape the holdings of this Circuit, General Plastics cites two cases from foreign circuits, In re Classic Drywall, 121 B.R. 69 (D.Kan 1990), and In re U.S.A. Inns of

Eureka Springs, Arkansas, 9 F.3d 680 (8th Cir. 1993), in which the court found testimony sufficient to establish an industry practice. Neither is binding on this court, and each is distinguishable because the preference defendant offered more detailed evidence than General Plastics offers here. In U.S.A. Inns, two executives of the defendant offered specific testimony that the Office of Thrift Supervision had directed the defendant to work with its delinquent customers in a manner conforming with industry-wide standards, and that 8 to 10% of the defendant's customers were on a similar pay schedule as the debtor. 9 F.3d at 685. Similarly, the witness for the preference defendant in Classic Drywall referred to a specific industry custom - permitting customers 90 to 120 additional days to make payments - and explained the custom in significant detail. 121 B.R. at 78. In the instant case, General Plastics' only evidence is the testimony of one witness who merely refers generally to "the acceptance of partial payments and payments outside the payment terms set forth on invoices" as an industry practice. Porsche does not specify when or how partial payments are typically accepted, or what invoice terms may be amended, and thus fails to provide a level of specificity comparable to U.S.A. Inns or Classic Drywall.

General Plastics has failed to present sufficient evidence to create a triable issue of fact regarding the ordinary business terms defense, for which it bears the burden of proof. Accordingly, the court affirms the bankruptcy court's May 10, 2005, order and grants the Trustee's motion for summary judgment.

Because the court grants the Trustee's motion, it need not address its alternate argument that General Plastics failed to raise a genuine issue of material fact concerning whether the disputed payments were made in accordance with the parties' established course of dealings.

## CONCLUSION

For the reasons stated above, the court affirms the bankruptcy court's summary judgment in favor of Trustee. The status hearing set for October 20, 2005, at 9 a.m. is stricken.

**ENTER:** **October 17, 2005**

_____
**Robert W. Gettleman**
**United States District Judge**